

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

THE CIT GROUP/EQUIPMENT
FINANCING, INC.,

       PLAINTIFF,

v.

DAVID C. FOOTE;

RODNEY G. SMITH;

and

KIM W. SMITH,

       DEFENDANTS.

CAUSE NO.

**1:03-CV-    60 SEB - VSS**

## COMPLAINT ON GUARANTY

Comes now the Plaintiff, The CIT Group/Equipment Financing, Inc. ("CIT"), by counsel, and for its Complaint alleges and states:

1.     CIT is a corporation organized and existing under the laws of the State of Massachusetts, and has its principal place of business in the State of Massachusetts. Each of the Defendants is a resident of the State of Indiana. The amount in controversy exclusive of interest and costs exceeds $75,000.

2.     On our about March 13, 2000, the Defendants, David C. Foote, Rodney G. Smith and Kim W. Smith, executed their Guaranty in favor of CIT, a copy of which is attached hereto as Exhibit "A" and made a part hereof.

C2022 2024:29088:JEFFERSONVILLE

3.      Pursuant to the terms of the Guaranty, the Defendants, jointly and severally, guaranteed the payment by Monument Transportation, LLC of its obligations owing to CIT.

4.      On or about March 9, 2000, Monument Transportation, LLC entered into a Security Agreement with CIT pursuant to which Monument borrowed the principal sum of $1,408,449.40 in accordance with the terms and conditions set forth therein.  A copy of the Security Agreement is attached hereto as Exhibit "B" and made a part hereof.

5.      Monument Transportation, LLC has failed to make the combined principal and interest payments as required by the terms of its Security Agreement and is in default thereunder.

6.      The amount due and owing to CIT under the Security Agreement is $928,938.62 as of October 16, 2002.

7.      Under the terms of the Guaranty, the Defendants are indebted to CIT in the amount of $928,938.62, together with pre-judgment interest at 18% per annum from October 16, 2002, and for the reasonable attorneys' fees expended by CIT in enforcing the Guaranty.

WHEREFORE, The CIT Group/Equipment Financing, Inc. demands judgment, jointly and severally, against the Defendants, David C. Foote, Rodney G. Smith and Kim W. Smith in the amount of $928,938.62, together with pre-judgment interest at 18% per annum from October 16, 2002 until the date of judgment, for CIT's reasonable attorneys' fees expended herein, for the costs expended by CIT herein, and for all other proper relief in the premises.

J. Spencer Harmon
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, Indiana  47130
Telephone:  (812) 282-7566
Supreme Court No. 7474-22
COUNSEL FOR PLAINTIFF

# Guaranty

To: The CIT Group/Equipment Financing, Inc.

P.O. Box 27248
_____
Address

Tempe                                                          AZ        85285-7248
_____
City                                                          State      Zip Code

Each of us severally requests you to extend credit to or to purchase security agreements, leases, notes, accounts and/or other obligations (herein generally termed "paper") of or from or otherwise to do business with

Monument Transportation, LLC                                Indianapolis            IN
_____
Company                                                     City                    State

hereinafter called the "Company," and to induce you so to do and in consideration thereof and of benefits to accrue to each of us therefrom, each of us, as a primary obligor, jointly and severally and unconditionally guarantees to you that the Company will fully and promptly pay and perform all its present and future obligations to you, whether direct or indirect, joint or several, absolute or contingent, secured or unsecured, matured or unmatured and whether originally contracted with you or otherwise acquired by you, irrespective of any invalidity or unenforceability of any such obligation or the insufficiency, invalidity or unenforceability of any security therefor; and agrees, without your first having to proceed against the Company or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from the Company and all losses, costs, attorneys' fees or expenses which may be suffered by you by reason of the Company's default or default of any of the undersigned hereunder; and agrees to be bound by and on demand to pay any deficiency established by a sale of paper and/or security held, with or without notice to us. This guaranty is an unconditional guarantee of payment and performance. No guarantor shall be released or discharged, either in whole or in part, by your failure or delay to perfect or continue the perfection of any security interest in any property which secures the obligations of the Company or any of us to you, or to protect the property covered by such security interest.

No termination hereof shall be effected by the death of any or all of us. No termination shall be effective except by notice sent to you by certified mail return receipt requested naming a termination date effective not less than 90 days after the receipt of such notice by you; or effective as to any of us who has not given such notice; or affect any transaction effected prior to the effective date of termination.

Each of us waives: notice of acceptance hereof; presentment, demand, protest and notice of nonpayment or protest as to any note or obligation signed, accepted, endorsed or assigned to you by the Company; any and all rights of subrogation, reimbursement, indemnity, exoneration, contribution or any other claim which any of us may now or hereafter have against the Company or any other person directly or contingently liable for the obligations guaranteed hereunder, or against or with respect to the Company's property (including, without limitation, property collateralizing its obligations to you), arising from the existence or performance of this guaranty; all exemptions and homestead laws and any other demands and notices required by law; all setoffs and counterclaims; any and all defenses based on suretyship or any other applicable law, including without limitation all rights and defenses arising out of (i) an election of remedies by you even though that election of remedies may have destroyed rights of subrogation and reimbursement against the Company by operation of law or otherwise, (ii) protections afforded to the Company pursuant to antideficiency or similar laws limiting or discharging the Company's obligations to you, (iii) the invalidity or unenforceability of this guaranty, (iv) the failure to notify any of us of the disposition of any property securing the obligations of the Company, (v) the commercial reasonableness of such disposition or the impairment, however caused, of the value of such property, and (vi) any duty on your part (should such duty exist) to disclose to any of us any matter, fact or thing related to the business operations or condition (financial or otherwise) of the Company or its affiliates or property, whether now or hereafter known by you.

You may at any time and from time to time, without our consent, without notice to us and without affecting or impairing the obligation of any of us hereunder, do any of the following:

(a) renew, extend (including extensions beyond the original term of the respective item of paper), modify (including changes in interest rates), release or discharge any obligations of the Company, of its customers, of co-guarantors (whether hereunder or under a separate instrument) or of any other party at any time directly or contingently liable for the payment of any of said obligations;

(b) accept partial payments of said obligations;

(c) accept new or additional documents, instruments or agreements relating to or in substitution of said obligations;

(d) settle, release (by operation of law or otherwise), compound, compromise, collect or liquidate any of said obligations and the security therefor in any manner;

477 (7/98) Guaranty - Continuing (excluding Kentucky and Louisiana)                               Page 1 of 3

# EXHIBIT "A"